OPINION
On September 29, 1998, Dale G. Robinson was indicted on one count of aggravated robbery and two counts of robbery, each with a firearm specification. Mr. Robinson entered pleas of "not guilty." Ultimately, the charges proceeded to trial.
At the commencement of the trial, the state of Ohio dismissed the firearm specifications which were linked to the robbery charges. At the close of the evidence, the state dismissed one of the robbery charges.
The jury returned guilty verdicts as to the remaining charges of aggravated robbery and robbery, but acquitted Mr. Robinson as to the firearm specification. The trial court subsequently dismissed the aggravated robbery charge and sentenced Mr. Robinson to a term of seven years of incarceration on the robbery charge which remained.
Mr. Robinson has now pursued a direct appeal, assigning two errors for our consideration:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in admitting an exhibit without proper foundation, detailing how, when and by whom it was recovered.
 SECOND ASSIGNMENT OF ERROR
 The verdict of the jury was against the manifest weight of the evidence.
On the afternoon of September 12, 1998, a man entered a CVS pharmacy on the west side of Columbus carrying a blue and green duffel bag. The man claimed that an item concealed in his waistband was a gun and that the pharmacy employees needed to give him the money from the register or they risked being shot. He was given the money from the register and he left, carrying the duffel bag.
A short time later, an unidentified woman brought what appeared to be the same duffel bag to the pharmacy. A police officer inventoried the contents of the duffel bag and found items in it which were felt would be helpful in identifying the robber.
A photo array was prepared and shown to two employees of the pharmacy. One of the employees picked out a photograph of Dale G. Robinson as being a photograph of the robber. The other employee involved made no identification. Based upon the identification by the one employee, Mr. Robinson was arrested.
Later, Ronald Strollo, a detective with the Columbus Division of Police, discovered an empty container in the duffel bag with the name "Robinson" on it. The container had formerly contained insulin. The director of nursing at the Franklin County Corrections Center testified at trial that she administered insulin to Mr. Robinson while he was incarcerated at the Franklin County Corrections Center.
Turning to the second assignment of error, the evidence was sufficient to support the conviction of Mr. Robinson both from an attack on its sufficiency and from an attack on its weight. An employee of the CVS pharmacy identified Mr. Robinson as being the robber, both from a photograph and in open court. The contents of the duffel bag further implicated Mr. Robinson as being the robber. No question exists that someone robbed the CVS pharmacy on the afternoon of September 12, 1998. All the evidence indicated that Mr. Robinson was that someone.
The second assignment of error is overruled.
The first assignment of error suggests that the trial court did not have sufficient testimony to lay a foundation for the admissibility of the duffel bag as evidence. This suggestion is incorrect.
The delay between the flight of the robber from the pharmacy and the return of the duffel bag to the pharmacy in the hands of an unidentified woman was only a matter of seconds. Unless we are to believe that a woman was standing around outside the CVS pharmacy with an identical duffel bag which the woman then provided to the police and pharmacy employees immediately after the robber fled, the evidence only supports a finding that the robber abandoned his duffel bag when he saw police outside the pharmacy immediately after the robbery. A bystander then returned the duffel bag to the pharmacy for help in the investigation only a few seconds after it left the store in the hands of the robber.
The foundation for the admissibility of the duffel bag into evidence was more than adequate. The trial court certainly did not abuse its discretion in admitting the evidence.
The first assignment of error is overruled.
Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
KENNEDY and PETREE, JJ., concur.